UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK FRANKILIN, SR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CALIFORNIA CORRECTIONAL )<br>INSTITUTION, et.al., )<br>)<br>Defendants. )<br>_____ ) | CV F- 05-0528 OWW DLB P<br><br>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. sec. 1983. Pending before the Court is Plaintiff's complaint filed April 20, 2005. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend

1  may be granted to the extent that the deficiencies of the complaint can be cured by amendment.
2  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).
3     Plaintiff sues the California Correctional Institution, Warden L.L. Shulteis and the Unit 1
4  Law Library Supervisor.  Plaintiff alleges that the law library hours at the California Correctional
5  Institution are inadequate thereby denying inmates' access to the court systems.  In support of his
6  allegations, plaintiff attaches various inmate complaints he has made regarding the law library.
7     Plaintiff's allegations are insufficient to state a cognizable claim for relief under section
8  1983.  Initially, plaintiff is advised that his complaint does not satisfy the requirement of Federal
9  Rule of Civil Procedure 8(a), which calls for a "short and plain statement of the claim showing that
10 the pleader is entitled to relief."  Rule 8(a) expresses the principle of notice-pleading, whereby the
11 pleader need only give the opposing party fair notice of a claim.  Conley v. Gibson, 355 U.S. 41,
12 45-46 (1957).  Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may
13 ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what
14 the plaintiff's claim is and the grounds upon which it rests."  Id. at 47.  Rule 8(a) also requires that
15 the plaintiff give notice of the relief which he seeks from the defendants.
16     Further, plaintiff may not sue a state prison.  The Eleventh Amendment prohibits federal
17 courts from hearing suits brought against an unconsenting state.  Brooks v. Sulphur Springs Valley
18 Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v.
19 Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.,
20 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).  The
21 Eleventh Amendment bars suits against state agencies as well as those where the state itself is named
22 as a defendant.  See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420,
23 421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)
24 (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment
25 immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989).
26 Because the California Correctional Institution is a part of the California Department of Corrections,
27 which is a state agency, it is entitled to Eleventh Amendment immunity from suit.
28

Finally, while inmates have a fundamental constitutional right of access to the courts (Lewis v. Casey, 518 U.S. 343, 346 (1996)), The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354.  The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id.  Inmates do not have the right to a law library or legal assistance. Id. at 351.  Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id.  Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id.  Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id.  Consequently, plaintiff's general allegations that the law library is closed most of the time or is not staffed properly fail to state a claim for violation of plaintiff's civil rights.  In order to state a cognizable claim for denial of plaintiff's right of access to the court system, plaintiff must describe a specific injury that resulted from the alleged law library conditions.

In summary, the Court finds it necessary to dismiss the complaint in its entirety.  The Court will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint.  Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a

1  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d
2  55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer
3  serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,
4  each claim and the involvement of each defendant must be sufficiently alleged.
5       In accordance with the above, IT IS HEREBY ORDERED that:
6            1.  Plaintiff's complaint is dismissed;
7            2.  The Clerk's Office shall send plaintiff a complaint form; and
8            3.  Plaintiff is granted thirty days from the date of service of this order to file an
9  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of
10 Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket
11 number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original
12 and two copies of the amended complaint; failure to file an amended complaint in accordance with
13 this order will result in dismissal of this action for failure to state a claim and failure to comply with
14 the court's order.
15      IT IS SO ORDERED.
16 **Dated:   December 14, 2005**                **/s/ Dennis L. Beck**
   3b142a                                        UNITED STATES MAGISTRATE JUDGE